UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FEDERAL TRADE COMMISSION,

    Plaintiff,

    v.

JOHN STEFANCHIK, *et al.*,

    Defendants.

CASE NO. C04-1852RSM

ORDER DENYING MOTION FOR RECONSIDERATION

    This matter comes before the Court on defendants' Motion for Reconsideration. (Dkt. #115). Defendants ask this Court to reconsider its previous Order granting plaintiff's Motion to Compel, in which the Court determined that plaintiff is entitled to explore defendant John Stefanchik's knowledge regarding the contents of certain telemarketing scripts, whether his former attorney reviewed the scripts, or whether his attorney communicated anything to him about those scripts, and directed defendant John Stefanchik to produce discovery responses within 14 days from the date of that Order. (*See* Dkt. #112).

    Having reviewed defendants' motion, and the remainder of the record, this Court hereby finds and ORDERS:

    (1) Defendants' Motion for Reconsideration (Dkt. #115) is DENIED. By local rule, motions for reconsideration are disfavored, and the Court will ordinarily deny such a motion in

ORDER DENYING MOTION FOR RECONSIDERATION
PAGE - 1

the absence of "a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." W.D. Wash. Local Rule CR 7(h).  In their motion for reconsideration, defendants essentially reiterate the same legal argument with respect to attorney-client privilege as they previously presented to this Court.  In making its previous decision, the Court fully considered those arguments.  The Court then determined that defendant Stefanchik waived his attorney-client privilege with respect to the telemarketing scripts because he put his attorney's knowledge, and his own, directly at issue. (Dkt. #112 at 1-2).  Nothing defendants have presented in their motion for reconsideration persuades the Court that it committed manifest error in making that determination.

Indeed, defendant Stefanchik acknowledges plaintiff's allegation that he participated in the making of misleading statements, which would require proof that he knew a particular representation was being made and that he could have stopped, but did not, that representation from being made.  Here, the Court found that by saying he did not see the scripts the telemarketers used, defendant is asserting that he did not know what the telemarketers were told to say to consumers over the telephone in the sales pitches, and, by asserting that former defendant Justin Ely of Atlas Marketing sent the scripts to his attorney, who would then directly make comments or communicate changes to Mr. Ely, defendant is also asserting that he relied on his counsel to make sure that the scripts complied with the law.  Thus, whether defendant's counsel communicated anything to him about those scripts is discoverable.  Accordingly, the Court declines to reconsider its previous Order.

Defendants ask in the alternative that, should this Court deny their motion for reconsideration, the Court certify the question to the Ninth Circuit Court of Appeals pursuant to 28 U.S.C. § 1292.  The Court denies that request.

Section 1292 of the United States Code provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves

ORDER DENYING MOTION FOR RECONSIDERATION
PAGE - 2

1  a controlling question of law as to which there is substantial ground for
2  difference of opinion and that an immediate appeal from the order may
   materially advance the ultimate termination of the litigation, he shall so state
3  in writing in such order. The Court of Appeals which would have jurisdiction
   of an appeal of such action may thereupon, in its discretion, permit an appeal
4  to be taken from such order, if application is made to it within ten days after
   the entry of the order: Provided, however, That application for an appeal
5  hereunder shall not stay proceedings in the district court unless the district
   judge or the Court of Appeals or a judge thereof shall so order.

6  28 U.S.C. § 1292(b). This Court does not believe that its previous Order meets such a standard.

7  It is well-settled that a party implicitly waives the attorney-client privilege by, *inter alia*,

8  putting the privileged information at issue, and if denying the discovery of that information

9  would prejudice the opposing party in asserting its claim or defense. *See Home Indem. Co. v.*

10 *Lane Powell Moss & Miller*, 43 F.3d 1322, 1326 (9th Cir. 1995); *Hearn v. Rhay*, 68 F.R.D.

11 574, 581 (E.D. Wash. 1975). Here, as noted above, the Court found that defendant put his

12 knowledge and his attorney's knowledge of the scripts directly at issue, and plaintiff therefore

13 deserved to explore such knowledge. This Court does not believe that such determination

14 involves a controlling question of law as to which there is substantial ground for difference of

15 opinion and that an immediate appeal from the order may materially advance the ultimate

16 termination of the litigation. Accordingly, the Court declines to certify the issue for appeal.

17 (2) The Clerk shall forward a copy of this Order to all counsel of record.

18 DATED this 30th day of November, 2006.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER DENYING MOTION FOR RECONSIDERATION
PAGE - 3