The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>JOHN STEFANCHIK, individually and as an officer and director of Beringer Corporation, *et al.*,<br><br>Defendants. | Case No. CV04-1852RSM<br><br>**STIPULATED SUPPLEMENTAL FINAL ORDER TO MODIFY FINAL JUDGMENT AND ORDER PURSUANT TO FED. R. CIV. P. 60(b)** |

Plaintiff, the Federal Trade Commission ("Commission" or "FTC"), pursuant to Federal Rule of Civil Procedure 60(b), and defendants John Stefanchik and Beringer Corporation ("Defendants"), by and through their attorneys, submit this Stipulated Supplemental Final Order to Modify Final Judgment and Order Pursuant to Fed. R. Civ. P. 60(b) ("Stipulated Supplemental Order") for approval by this Court in order to resolve the FTC's monetary claims against the Defendants arising from the Final Judgment and Order entered against Defendants on April 3, 2007.

Being fully advised in the premises and acting upon stipulation of the parties to enter this Stipulated Supplemental Order, the Court finds and orders:

## FINDINGS

1. This Court entered a Final Judgment and Order For Permanent Injunction and Other Equitable Relief ("Final Order") against Defendants on April 3, 2007. This Court has

jurisdiction under Paragraph X of the Final Order, which provides that the Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of the Final Order.

2.  In the Final Order, the Court found that uncontroverted evidence established that Defendants violated Section 5(a) of the Federal Trade Commission Act, 15 U.S.C. § 45(a), and Sections 310.3(a)(2)(iii) and 310.3(a)(4) of the Telemarketing Sales Rule ("TSR"), 16 C.F.R. §§310.3(a)(2)(iii) and 310.3(a)(4).

3.  Under Paragraph IV.A of the Final Order, the Court entered judgment for equitable monetary relief against Defendants, jointly and severally, and in favor of the FTC in the amount of $17,775,369.00, to be paid within ten days of entry of the Final Order. Paragraph IV.C of the Final Order provides that, in the event Defendants fail to pay the Commission the judgment amount, interest computed at the rate prescribed under 28 U.S.C. § 1691, as amended, shall immediately begin to accrue on the unpaid balance.

4.  The Ninth Circuit Court of Appeals subsequently affirmed this Court's judgment against Defendants and in favor of the Commission. *FTC v. Stefanchik*, 559 F.3d 924 (9th Cir. 2009). None of the parties filed a further appeal of that decision and the order is final.

5.  Defendants have not paid any amount of the judgment to the Commission and, consequently, owe the Commission, jointly and severally, the entire judgment amount of $17,775,369.00, plus the interest accrued. On or about May 7, 2007, the Commission filed a judgment lien against the real property where John Stefanchik resided at the time of judgment: 9022 North Mercer Way, Mercer Island, Washington.

6.  Warwick Properties LLC ("Warwick"), among other things, holds title to the real property located at 9022 North Mercer Way, Mercer Island, Washington (the "Property"). On or about October 6, 2008, Warwick filed a petition for relief in the U.S. Bankruptcy Court for the Western District of Washington, under Chapter 11 of Title 11 of the U.S. Bankruptcy Code. Defendant John Stefanchik's wife, Heidi Fogg, is the manager of Warwick. To pursue its judgment lien against the Property, the FTC filed a secured claim in the Warwick bankruptcy case, and Warwick stated that it intends to dispute the Commission's claim.

7. In addition to filing a secured claim, on December 11, 2009, the Commission filed an adversary proceeding, naming Warwick, John Stefanchik and Heidi Fogg as defendants (the "Adversary Proceeding"). *FTC v. Warwick Properties LLC, et al.*, Adversary No. 09-01584 (Bankr. W.D. Wash.). In the Adversary Proceeding, the Commission made various claims against John Stefanchik, Heidi Fogg and Warwick, including a reverse veil-piercing claim alleging that Warwick is a sham or the alter ego of John Stefanchik.

8. On or about May 10, 2010, the bankruptcy court confirmed Warwick's Fourth Amended Plan of Reorganization (the "Plan"). Warwick's Plan provides for the sale of the Property and for the distribution of the proceeds of the sale to its creditors. Starting in June 2010, the marketing and sale of the Property will be conducted by one of the banks holding a secured claim on the Property.

9. The Defendants, Heidi Fogg, and Warwick, along with the FTC, have agreed to resolve the claims in the Adversary Proceeding and a potential dispute over the proof of claim the FTC filed in the Warwick Bankruptcy Case, as reflected in the attached stipulated orders (**Exhibits A and B**).

10. In addition, Heidi Fogg and Warwick have agreed to be bound by the terms of this Stipulated Supplemental Order and stipulate and agree to entry of this Stipulated Supplemental Order to settle and resolve the Commission's monetary claim against Defendants.

11. Except as modified by this Stipulated Supplemental Order, the Final Order entered on April 3, 2007, shall remain in full force and effect unless otherwise ordered by this Court.

12. The parties agree that the effective date of this agreement is defined as the date on which this Court's order approving the Stipulated Supplemental Order becomes final and is not subject to appeal. If this Stipulated Supplemental Order is not approved by this Court, then the parties also agree that this Stipulated Supplemental Order will automatically terminate and be of no further force and effect.

13. Entry of this Stipulated Supplemental Order is in the public interest.

14. The Defendants, Heidi Fogg, and Warwick further waive all rights to appeal or otherwise challenge or contest the validity of this Stipulated Supplemental Order.

**DEFINITIONS**

1. **"Adversary Proceeding"** means the adversary proceeding the Commission filed on December 11, 2009 in the Warwick Bankruptcy Case, naming Warwick, John Stefanchik, and Heidi Fogg as defendants. *FTC v. Warwick Properties LLC, et al.*, Adversary No. 09-01584 (Bankr. W.D. Wash.).

2. **"Bankruptcy Court"** means the U.S. Bankruptcy Court for the Western District of Washington, which presides over the Warwick Bankruptcy Case.

3. **"Defendants"** means John Stefanchik, individually and as an officer and director of Beringer Corporation, and Beringer Corporation, formerly d.b.a. The Stefanchik Organization, as well as its successors and assigns, whether acting directly or through any corporation, subsidiary, division, or other device.

4. **"Heidi Fogg"** means Heidi Fogg and/or Heidi Stefanchik, by any name, individually and as an officer and manager of Warwick.

5. **"Monetary Judgment"** means the entire judgment amount of $17,775,369.00, plus the interest from April 3, 2007 forward at the rate prescribed under 28 U.S.C. § 1961, as amended, that Defendants, jointly and severally, owe to the Commission under the Final Order.

6. **"Property"** means the real property described in the King County real property records as "Lot 21, Sunnybank" with a street address of 9022 North Mercer Way, Mercer Island, Washington.

7. **"Warwick"** means Warwick Properties LLC, as well as its successors and assigns, whether acting directly or through any corporation, subsidiary, division, or other device.

8. **"Warwick Bankruptcy Case"** means the Chapter 11 bankruptcy case filed by Warwick Properties, LLC, in the U.S. Bankruptcy Court for the Western District of Washington, Case No. 08-16620.

...

# ORDER

## I. MONETARY JUDGMENT

**IT IS HEREBY ORDERED** that:

A.  Defendants, Fogg, and Warwick agree to partially satisfy the Monetary Judgment in accordance with the terms and conditions in Subsections B through D of this Section. Upon satisfaction of *all* terms and conditions in Subsections B through D, the Monetary Judgment shall be suspended against Defendants, but remains subject to reinstatement under Section II.

B.  Within ten (10) days of the date of entry of this Order, Defendants and Heidi Fogg, in accordance with the directions provided by the Commission, shall pay to the Commission, by wire transfer, certified check, or money order, nine hundred thousand dollars ($900,000.00). In addition, Defendants and Heidi Fogg agree to transfer to the Commission all of their (singular, collective and/or joint) legal and equitable rights, title and/or interest(s) in the funds described in the attached **Exhibit C**.

C.  Within five (5) days from the date of the closing on the sale of the Property pursuant to the Warwick Bankruptcy Case, John Stefanchik and Heidi Fogg shall fully cooperate with James G. Murphy Co. ("JGM") to take such steps as JGM may require to take full possession of the personal property described in the attached **Exhibit D**, and, to enter into an agreement with JGM to dispose of said property. Until John Stefanchik and Heidi Fogg surrender possession of the personal property described in the attached **Exhibit D** to JGM, they shall maintain and take no action to diminish the value of said property. As soon as is reasonably possible after taking possession of said personal property, JGM shall, in accordance with the agreement between JGM, John Stefanchik, and Heidi Fogg, liquidate the personal property. After all of said personal property has been liquidated, JGM shall account for the net proceeds derived therefrom, and transfer all such net proceeds to the Commission in accordance with instructions provided by the Commission.

D.  The Defendants, Heidi Fogg, and Warwick shall have stipulated to, and the Bankruptcy Court shall have entered, an order in the Bankruptcy Case authorizing Warwick to enter into: a) this Stipulated Supplemental Order; b) the Claim Order (as defined below); and, the

1  Judgment and Order (as defined below), which order shall have become final and non-
2  appealable.  In addition, the Bankruptcy Court shall have entered orders: a) allowing the
3  Commission's claim as a secured claim under 11 U.S.C. §§ 502 and 506 in the Warwick
4  Bankruptcy Case, and as reflected in the attached order allowing claim (**Exhibit A**, the "Claim
5  Order"); and b) resolving the parties' claims in the Adversary Proceeding, as reflected in the
6  Judgment and Order (attached hereto as **Exhibit B**), both of which orders shall have become
7  final and non-appealable.

8        E.      Defendants, Heidi Fogg, and Warwick agree that they will not, whether acting
9  directly or through any corporation, partnership, limited liability company, division, subsidiary,
10 trade name, or other entity or device, submit to any federal or state tax authority any tax return,
11 amended tax return, or other official document that takes a deduction for, or seeks a tax refund or
12 any other tax benefit for, the payments that are to be made pursuant to Subsections I.B and I.C of
13 this Stipulated Supplemental Order.

14       F.      To ensure compliance with Subsection I.E of this Stipulated Supplemental Order:
15 (i) Defendants, Heidi Fogg, and Warwick each shall deliver to the Commission copies of all of
16 their respective signed and completed federal and state income tax returns, and all amended
17 returns (if any), including all related forms, schedules, statements, and attachments, that they file
18 for each year in which payments are made pursuant to Subsections I.B and I.C of this Stipulated
19 Supplemental Order.  The aforementioned deliveries shall be made to the Commission within ten
20 (10) days after each such return and amended return (if any), is officially filed with the Internal
21 Revenue Service or a state tax authority; and (ii) for each year in which any part of the payments
22 described in Subsections I.B and I.C of this Stipulated Supplemental Order are made, the
23 Defendants, Heidi Fogg, and Warwick each shall, within thirty (30) days after their respective
24 final date for filing an amended federal tax return for that year, sign and submit to the Internal
25 Revenue Service ("IRS") IRS Form 4506, along with a payment to the IRS of the Form 4506 fee,
26 directing the IRS to send to the Regional Director, FTC Northwest Region, 915 Second Avenue,
27 Suite 2896, Seattle, WA  98174 copies of their respective original tax return and all amended tax
28 returns (if any) that they filed with the IRS for that year.

G. All money paid to the Commission pursuant to this Order shall be deposited into a fund administered by the Commission or its representatives to be used for equitable relief, including consumer redress and any attendant expenses for the administration of any redress fund. If direct redress to consumers is wholly or partially impracticable or money remains after redress is completed, the Commission may apply any remaining money for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Defendants' practices alleged in the Complaint. Any monies not used for such equitable relief shall be deposited to the U.S. Treasury as disgorgement. Defendants, Heidi Fogg, and Warwick shall have no right to challenge any actions the Commission or its representatives may take pursuant to this Section.

H. In accordance with 31 U.S.C. § 7701, Defendants, Heidi Fogg, and Warwick are hereby required, unless they have done so already, to furnish to the Commission each of their taxpayer identifying numbers (social security numbers or employer identification numbers), which shall be used for purposes of collecting and reporting on any delinquent amount arising out of their relationship with the government;

I. Defendants, Heidi Fogg, and Warwick relinquish all dominion, control, and title to the funds paid to the fullest extent permitted by law. Defendants, Heidi Fogg, and Warwick shall make no claim to, or demand return of, the funds, directly or indirectly, through counsel or otherwise; and

J. Defendants and Heidi Fogg agree that the facts alleged in the Complaint filed in this action shall be taken as true without further proof in any bankruptcy case or subsequent civil litigation pursued by the Commission to enforce its rights to any payment or money judgment pursuant to this Stipulated Supplemental Order, including, but not limited to, a nondischargeability complaint in any bankruptcy case. Defendants and Heidi Fogg further stipulate and agree that the facts alleged in the Complaint establish all elements necessary to sustain an action pursuant to, and that this Stipulated Supplemental Order and the Final Order shall have collateral estoppel effect for purposes of, Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A). In addition, Defendants and Heidi Fogg agree that if any of

them file a petition for relief or a petition for relief is filed against them (jointly or separately) under 11 U.S.C. § 101, *et seq.*, and the payment to the Commission under Subsection B above is subsequently recovered or avoided by the debtor, trustee, or a creditor, the Monetary Judgment shall not be suspended as described in Subsection A above and the Commission will hold an allowed, unsecured claim in the bankruptcy case in the amount of the Monetary Judgment, plus interest from April 3, 2007 at the rate prescribed under 28 U.S.C. § 1961, as amended.

## II.  RIGHT TO REOPEN

**IT IS FURTHER ORDERED** that:

A.     By agreeing to this Stipulated Supplemental Order, Defendants, Heidi Fogg, and Warwick reaffirm and attest to the truthfulness, accuracy, and completeness of the financial statements that each of them prepared and transmitted to the Commission, including the following: (1) completed individual financial statement for John Stefanchik and Heidi Fogg (executed on May 25, 2010); (2) completed Corporate Financial Statements for Beringer Corporation (executed on May 21, 2010) and Warwick Properties, LLC (executed on June 25, 2010); (3) true and correct copies of individual 2007 and 2008 tax returns for John Stefanchik and Heidi Fogg, which were previously filed with the Internal Revenue Service ("IRS"); (4) a complete list of John Stefanchik's and Heidi Fogg's personal property, including furnishings, jewelry, and art, which has a potential sale value of, or for which they paid, $2,500.00 or more per item (lists provided by letters to the FTC dated June 14, 2010, and July 2, 2010, and by electronic mail from Sims Weymuller to Nadine Samter, dated June 22, 2010); and (5) Declaration of John Stefanchik executed July 19, 2010, and the Exhibits attached thereto (hereafter, collectively referred to as "Financial Statements").  The Commission's agreement to this Stipulated Supplemental Order is expressly premised upon the truthfulness, accuracy, and completeness of the Financial Statements, which contain material information upon which the Commission relied in negotiating and agreeing to the terms of this Stipulated Supplemental Order;

B. Defendants, Heidi Fogg, and Warwick certify that they have each individually and jointly disclosed all assets in which any of them holds any beneficial, remainder, or actual interest, whether partial or whole, including, but not limited to any jointly held assets.

C. If, upon motion by the FTC, this Court finds that any or all of Defendants, Heidi Fogg or Warwick has failed to disclose any material asset, or misrepresented the value of any asset, or made any other misrepresentation in, or omission from, the Financial Statements, then as to Defendants, any suspension of the Monetary Judgment (in the amount of $17,775,369.00, plus interest), less amounts already paid, shall be lifted, the Monetary Judgment shall become immediately due, and interest computed pursuant to 28 U.S.C. § 1961, as amended, shall continue to accrue on the unpaid balance. ***Provided, however***, that in all other respects, this Stipulated Supplemental Order shall remain in full force and effect unless otherwise ordered by this Court; and

D. Proceedings instituted under this Section are in addition to, and not in lieu of, any other civil or criminal remedies as may be provided by law, including any other proceedings the Commission may initiate to enforce this Stipulated Supplemental Order.

### III. ACKNOWLEDGMENT OF RECEIPT OF STIPULATED SUPPLEMENTAL ORDER

**IT IS FURTHER ORDERED** that within five (5) business days of receipt of this Stipulated Supplemental Order as entered by the Court, Defendants, Heidi Fogg, and Warwick must submit to the Commission a truthful sworn statement acknowledging receipt of this Stipulated Supplemental Order.

### IV. CONTINUED JURISDICTION

**IT IS FURTHER ORDERED** that this Court will retain jurisdiction of this matter for all purposes.

**SO ORDERED,** this 22 day of February 2011.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

1

2  _____
   NADINE S. SAMTER, WSBA # 23881
3  Attorney for Plaintiff

4  Federal Trade Commission
   915 Second Avenue, Suite 2896
5  Seattle, Washington 98174
   (206) 220-6350
6  Fax: (206) 220-6366
   Email: nsamter@ftc.gov

7

8

9  _____
   JOHN STEFANCHIK, individually and as
10 an officer of Beringer Corporation

11

12

13 _____
   HEIDI FOGG
   individually and as an officer, manager, or
14 principal of Warwick, LLC

15

16 _____
   SIMS WEYMULLER, WSBA # 33026
17 Attorney for John Stefanchik, Beringer Corp.,
   and Heidi Fogg

18
   Johnson Flora, PLLC
19 2505 Second Avenue, Suite 500
   Seattle, WA 98121
20 (206) 386-5566
   Fax: (206) 682-0675
21 Email: www.johnsonflora.com

22

23

24

25

26

27

28